NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3123

LINDA M. JWANOUSKOS,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Linda M. Jwanousko, of Clearwater, Florida, pro se.

Armando Rodriguez-Feo, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant Snee, Deputy Director.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3123

LINDA M. JWANOUSKOS,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED: June 11, 2007

_____

Before RADER, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

The Merit Systems Protection Board (Board) sustained the removal of Ms. Linda M. Jwanouskos from the United States Secret Service due to the loss of her security clearance. Linda M. Jwanouskos v. Dep't of the Treasury,[1] MSPB Docket No. DC0752000091-I-1 (Initial Decision, March 6, 2000; Final Order, December 7, 2006). Because substantial evidence supports the Board's decision, this court affirms.

I

On January 15, 1998, the United States Secret Service proposed to revoke Ms. Jwanouskos's Top Secret security clearance because numerous events had called her suitability for a clearance into question. On March 4, 1998, Ms. Jwanouskos responded

---

[1]     As of 2002, Congress transferred responsibility for the Secret Service to the United States Department of Homeland Security. See Homeland Security Act of 2002, Pub. L. No. 107-296, § 821, 116 Stat. 2135, 2224 (2002).

to this proposal. After consideration, the Deputy Assistant Director of the Secret Service decided to revoke Ms. Jwanouskos's security clearance. The revocation became final when Ms. Jwanouskos did not file an appeal.

On October 18, 1999, the Secret Service removed Ms. Jwanouskos from employment as a sergeant in its Uniformed Division for failure to meet security clearance requirements. On November 5, 1999, Ms. Jwanouskos filed an appeal with the Board. The Board upheld the Secret Service's removal of Ms. Jwanouskos. The Board found that all Secret Service positions required a security clearance and that upon revocation of Ms. Jwanouskos's security clearance, removal was the only option. Over seven years later, Ms. Jwanouskos sought review of the Board's initial decision. While the Board did not address the timeliness of Ms. Jwanouskos's petition, it affirmed its initial decision.

II

This court must affirm the Board's decision to uphold Ms. Jwanouskos's removal unless Ms. Jwanouskos shows that the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Schmittling v. Dep't of the Army, 219 F.3d 1332, 1335 (Fed. Cir. 2000).

The Board properly reviewed the procedures followed by the Secret Service and the decision to remove Ms. Jwanouskos. After reviewing the record and the applicable law, the Board found that the Secret Service provided Ms. Jwanouskos with proper procedural safeguards with respect to the clearance revocation and removal from her

position.  5 U.S.C. § 7513.  After considering all of the evidence, the Secret Service removed Ms. Jwanouskos from employment due to the revocation of her clearance. Once the Board decided that the Secret Service followed proper procedures for clearance revocation, the decision to revoke Ms. Jwanouskos's clearance was practically not reviewable.  See Dep't of the Navy v. Egan, 484 U.S. 518, 530-31 (1988). Because all Secret Service positions require a security clearance, substantial evidence supports the Board's decision to uphold the removal of Ms. Jwanouskos.  Accordingly, this court affirms the Board's decision.