## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LINDA M. JWANOUSKOS,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-15-0127-I-1 |
| 　　　　v. | |
| DEPARTMENT OF HOMELAND<br>　　SECURITY,<br>　　　　　　Agency. | DATE: September 9, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Linda M. Jwanouskos, Norwell, Massachusetts, pro se.

Andrew Cannady, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her removal claim under the doctrine of collateral estoppel. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address and dismiss for lack of jurisdiction the appellant's retirement claim, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The Secret Service removed the appellant on October 18, 1999, for failing to meet security clearance requirements. *Jwanouskos v. Department of the Treasury*, 246 F. App'x 677, 677-78 (Fed. Cir. 2007).[2] The appellant filed a Board appeal challenging her removal. *Jwanouskos v. Department of the Treasury*, MSPB Docket No. DC-0752-00-0091-I-1, Initial Decision (ID 0091) at 1 (Mar. 6, 2000). The administrative judge issued an initial decision affirming the appellant's removal. *Id.* at 1, 5. The appellant filed a petition for review and the Board issued a Final Order affirming the initial decision. *Jwanouskos*, MSPB Docket No. DC-0752-00-0091-I-1, Final Order (Dec. 7, 2006). She sought review in the U.S. Court of Appeals for the Federal Circuit. *Jwanouskos*, 246 F. App'x at 677-78. The court affirmed the Board's decision. *Id.*

---

[2] Congress has since transferred responsibility for the Secret Service to the agency. *See Jwanouskos*, 246 F. App'x at 677, 677 n.1.

¶3       Over 7 years after the issuance of the Federal Circuit decision, the appellant filed the instant appeal challenging her removal and seeking to make a disability retirement claim against the District of Columbia Police and Firefighters' Retirement and Relief Board (PFRRB).  Initial Appeal File (IAF), Tab 1 at 3, 5, 8, 15-16, 18.  The administrative judge issued an initial decision, without holding the requested hearing, dismissing the appeal as barred by the doctrine of collateral estoppel.  IAF, Tab 16, Initial Decision (ID) at 1-2 & n.2, 4-5.  The appellant has filed a petition for review.[3]  Petition for Review (PFR) File, Tab 1.  The agency has responded, and the appellant has replied.  PFR File, Tabs 4-5.

The administrative judge properly held that the appellant's removal claim is barred by the doctrine of collateral estoppel.

¶4       On petition for review, the appellant claims that her Top Secret security clearance was not revoked.  PFR File, Tab 1 at 2.  Further, she alleges "[e]rroneous procedures" by the agency in issuing her removal.  *Id.*  We agree, however, with the administrative judge that the appellant's removal claim is barred by the doctrine of collateral estoppel.[4]  ID at 4-5.

¶5       The Board may apply the doctrine of collateral estoppel to dismiss an appeal where:  (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party

---

[3] On review, the appellant requests that the Board appoint an attorney to represent her. PFR File, Tab 5 at 2.  It is the appellant's obligation to secure representation. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989).  The Board is not required by law, rule, or regulation to appoint counsel for an appellant. *Id.*

[4] To the extent that the initial decision referred to the appellant's removal claim as dismissed for lack of jurisdiction, we modify it to reflect that the dismissal is grounded solely on the basis of collateral estoppel. *See* ID at 1 nn.1-2; *Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶¶ 10-11 (2003) (holding that collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction only where a prior finding of lack of jurisdiction is afforded collateral estoppel effect).  Nonetheless, any error in this regard did not affect the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

against whom preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶¶ 11, 15 (2005); *see Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988) (stating the same test differently).

¶6 The appellant's prior appeal challenged the same removal action she challenges in the present appeal. *Compare* IAF, Tab 1 at 3, *with* ID 0091 at 1-2. The appellant was a party to the prior appeal, it went to hearing, and her removal was affirmed.[5] *See Jwanouskos*, 246 F. App'x at 677-78; ID 0091; *see also McNeil*, 100 M.S.P.R. 146, ¶ 14 (recognizing that the Board will ordinarily only inquire whether a party was "fully represented" when an individual who was not a party to an earlier proceeding contests an issue that was decided in that proceeding). Further, the removal was determined to be free from procedural error. ID 0091 at 3-4; PFR File, Tab 1 at 2. Therefore, we conclude that the appellant's removal claim is barred by collateral estoppel.[6]

The Board lacks jurisdiction over the appellant's retirement claim.

¶7 On petition for review, the appellant argues that the Board's decision has resulted in the loss of her eligibility for disability retirement and a deferred

---

[5] It appears that in the instant appeal the appellant raised claims of disability discrimination and reprisal for prior equal employment opportunity activity. *See* IAF, Tab 14 at 1, 3. The initial decision in the appellant's prior appeal did not resolve any such claims. ID 0091. However, we find that these potentially new legal bases do not prevent us from disposing of the instant appeal based on the doctrine of collateral estoppel. The Board is not permitted to adjudicate whether an agency's adverse action, which is premised on the suspension or revocation of a security clearance, constitutes impermissible discrimination or reprisal. *Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 18 (2014).

[6] Although the appellant requests a hearing on review, we find that she is not entitled to one on the issue of collateral estoppel. *See Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 336-37 (1995) (finding that the purpose of the doctrine of collateral estoppel is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication" (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980))).

annuity. PFR File, Tab 1 at 2, Tab 5 at 2. Although the appellant raised her retirement claim below, the administrative judge did not address it. *See* ID. Therefore, we address it here, finding that the Board lacks jurisdiction over this claim.

¶8        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board only has jurisdiction over retirement issues that have been the subject of an Office of Personnel Management (OPM) final decision. *Litzenberger v. Office of Personnel Management*, 88 M.S.P.R. 419, ¶ 9 (2001); *Lewis v. Office of Personnel Management*, 69 M.S.P.R. 395, 397-98 (1996).

¶9        In October 2014, the Clerk of the Board notified the appellant that she could file a Board appeal regarding her disability retirement if she had a final decision from OPM. IAF, Tab 1 at 9. She did not file any evidence indicating that OPM has issued any decision relating to her retirement. On review, she only states that she is "in the process of contacting [OPM]." PFR File, Tab 5 at 2. Because the appellant has provided no evidence that she requested or received a final decision from OPM, the Board may not exercise jurisdiction over this claim. *See Livingston v. Office of Personnel Management*, 105 M.S.P.R. 314, ¶ 10 (2007) (finding that a request for reconsideration is a prerequisite for Board jurisdiction over a disability retirement appeal).

¶10        Further, the Board generally only has jurisdiction over retirement determinations arising under the Federal retirement laws. *See* 5 C.F.R. § 1201.3(a)(2) (discussing the scope of the Board's appellate jurisdiction). To the extent that the appellant seeks to challenge a decision of the PFRRB made under the laws of the District of Columbia, we lack jurisdiction to review her retirement claim.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.   You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.