NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LINDA M. JWANOUSKOS,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2016-1086

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-15-0127-I-1.

---

Decided: March 11, 2016

---

LINDA M. JWANOUSKOS, Norwell, MA, pro se.

JEFFREY D. KLINGMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI.

---

Before TARANTO, SCHALL, and CHEN, *Circuit Judges.*

PER CURIAM.

Linda M. Jwanouskos was removed from her position in the United States Secret Service in 1999. She appealed the removal to the Merit Systems Protection Board, which found that her removal was proper, and this court affirmed the Board's decision. In the present appeal, Ms. Jwanouskos again challenges her removal, and she also presents a claim for disability retirement involving an agency of the District of Columbia. The Board rejected Ms. Jwanouskos's claims. We affirm.

BACKGROUND

Ms. Jwanouskos was a sergeant in the Uniformed Division of the Secret Service. In 1997, the Secret Service suspended her security clearance, and in 1999 the Secret Service removed her from her position because she did not meet the security-clearance requirement for the job. On November 5, 1999, Ms. Jwanouskos appealed to the Board, challenging her removal. The administrative judge determined that Ms. Jwanouskos's position required a security clearance, she did not have a security clearance, and her removal was therefore justified. Several years later, she petitioned for review by the Board, which affirmed its initial decision. This court in turn affirmed the Board's decision. *Jwanouskos v. Dep't of Treasury*, 246 F. App'x 677, 678 (Fed. Cir. 2007).

On November 3, 2014, Ms. Jwanouskos filed another appeal to the Board, again challenging her 1999 removal. She also seemed to ask the Board to resolve a dispute she had with the District of Columbia Police and Firefighters' Retirement and Relief Board about whether she could receive a disability retirement. The administrative judge determined that Ms. Jwanouskos's removal claim was barred by the Board's previous rejection of that very claim. The administrative judge did not address the retirement claim but stated that only the removal claim

was within the Board's jurisdiction. Accordingly, the administrative judge dismissed the appeal.

The Merits Systems Protection Board affirmed. The Board found that Ms. Jwanouskos's present removal claim was barred by collateral estoppel based on the previous rejection of her prior challenge to the same removal. The Board added that, to the extent that Ms. Jwanouskos was newly raising claims of disability discrimination and reprisal for her alleging certain discrimination claims, the Board is "not permitted to adjudicate whether an agency's adverse action, which is premised on the suspension or revocation of a security clearance, constitutes impermissible discrimination or reprisal." *Jwanouskos v. Dep't of Homeland Sec.*, No. DC-0752-15-0127-I-1, 2015 WL 5244398, ¶ 6 n.5 (MSPB Sept. 9, 2015). The Board also addressed Ms. Jwanouskos's retirement claim. It stated that it lacked jurisdiction over any claim relating to a decision by the District of Columbia Police and Firefighters' Retirement and Relief Board. And to the extent that Ms. Jwanouskos raised a retirement claim under laws within the Merit Systems Protection Board's authority, the Board lacked jurisdiction in this case because Ms. Jwanouskos did not provide evidence of a final decision from the Office of Personnel Management, a prerequisite to Board authority.

Ms. Jwanouskos appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; reached in violation of procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Addison v. Dep't of Health & Human Servs.*, 945 F.2d 1184, 1186 (Fed. Cir. 1991). We review the Board's ultimate decision

regarding jurisdiction de novo. *Bolton v. MSPB*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

Ms. Jwanouskos challenges the Board's refusal to reconsider her 1999 removal. But the Board rejected her earlier challenge to that removal, and we affirmed that rejection. Ms. Jwanouskos now has identified no ground for challenging the removal that she did not present in the earlier challenge; and, in particular, she has identified no new ground that could make any legal difference in the upholding of the removal based on her loss of her security clearance. For that reason, the Board correctly held here that Ms. Jwanouskos's removal challenge was barred by collateral estoppel based on the earlier rejection. *See Kroeger v. USPS*, 865 F.2d 235, 239 (Fed. Cir. 1988).

That conclusion is not altered by Ms. Jwanouskos's reference before the Board to discrimination on the basis of disability and retaliation for earlier discrimination charges. Ms. Jwanouskos does not present such contentions in this court. In any event, we see no error in the Board's determination that such contentions supply no basis for overturning the removal based on loss of a job-required security clearance. Under *Department of Navy v. Egan*, 484 U.S. 518 (1988), when a removal is based on loss of a security clearance, the Board's inquiry is very narrow, and it does not include inquiring the motivation of the Secret Service for suspending her security clearance. *See Biggers v. Dep't of Navy*, 745 F.3d 1360, 1362 (Fed. Cir. 2014).

Ms. Jwanouskos also challenges the Board's holding that it could not consider her claims regarding disability retirement. We see no error in the Board's ruling.

To the extent that Ms. Jwanouskos's retirement claim arises under the federal retirement laws within the Board's jurisdiction, 5 U.S.C. § 8331 *et seq.*, she has not satisfied a prerequisite for the Board to exercise its jurisdiction. The Office of Personnel Management administers

those laws, *see id.* §§ 8347(a), 8461(b)–(d); 5 C.F.R. § 831.101, and as relevant here, "an administrative action or order" of OPM "affecting the rights or interests of an individual" is a precondition to the individual's bringing a claim to the Board. *See* 5 U.S.C. §§ 8347(d)(1), 8461(e)(1); 5 C.F.R. §§ 831.110, 1201.3(a)(2). There is no evidence that OPM issued an action or order on a federal retirement claim by Ms. Jwanouskos. And we are aware of no statutory authority for the Board to review a challenge to a decision by the District of Columbia Police and Firefighters' Retirement and Relief Board under D.C. law.

### CONCLUSION

For the foregoing reasons, the judgment of the Board is affirmed.

No costs.

**AFFIRMED**